IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-672-GCM

| CHANTEL E. WARRINGTON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| DUSTIN M. HUFFMAN, Dept. of Social Servs., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis, (Doc. No. 2).

**I.** **Warrington v. King, et al., No. 3:12-cv-671-FDW-DCK (W.D.N.C. Oct. 10, 2012)**

On October 10, 2012, Plaintiff filed a complaint under 42 U.S.C. § 1983. Plaintiff alleges she was pulled over by a police officer with the Cornelius Police Department while driving her 2006 Mercedes Benz in Mecklenburg County, on September 7, 2012. (3:12-cv-671-FDW), Doc. No. 1 at ¶¶ 24-29). Plaintiff alleges that she "does not have a contractual agreement known as a Drivers License with the Corporation [the State of North Carolina]. (Id. at ¶ 20). Plaintiff told the police officers that she "was not operating in commerce and asked if she was being detained for any reason." (Id. at ¶ 31). Defendant King told Plaintiff he pulled her over because she was driving without a license tag. (Id. at ¶ 32). Plaintiff showed Defendant her passport and soon after that defendant officers Jane Doe and John Doe arrived.

According to Plaintiff, Defendant King then shouted at Plaintiff to get out of her car. Plaintiff told Defendant King that she was very afraid and wanted to end the "encounter." (Id. at

¶ 44). At that point, according to the Complaint, Defendant King opened the car door, grabbed Plaintiff's arm, and pulled her out of the car. Plaintiff yelled for help, stating that she was being kidnaped. (Id. at ¶ 47). Officer King and Jane Doe then held Plaintiff down, threw her on the top of the car hood, handcuffed her, "illegally" searched Plaintiff's car, arrested Plaintiff, and took Plaintiff to the sheriff's office for processing. (Id. at ¶¶ 48-49, 59). Plaintiff alleges that she was "falsely arrested and never mirandized," and that the officers ordered Plaintiff's dog "to be impounded." (Id. at ¶ 58). Based on the above allegations, Plaintiff has brought a host of constitutional claims against the defendant police officers including, among other things, a claim for excessive force.

Plaintiff submitted an application to proceed without prepayment of fees or costs along with her Complaint (the "Application"). In the Application, Plaintiff asserted, under penalty of perjury, that she has no income; no expenses, including no expenses for food or transportation; no bank accounts; no assets, including no motor vehicles; and no dependents. (Doc. No. 2).

Plaintiff states that the allegations in her Complaint were filed with the Court under penalty of perjury. And given the allegations Plaintiff raises in her Complaint, the Court found that at least two averments of fact in her Application were simply false. That is, Plaintiff alleged in her Complaint that she was stopped by police officers while she was driving her 2006 Mercedes Benz. Specifically, Plaintiff avers that the vehicle is solely owned by her; that it is her private property; and that she has lawful title to the car. (Doc. No. 1 at ¶¶ 15-18). Yet, in her Application she avers that she owns no assets, which must include owning no motor vehicle. The Court found that this statement is false. The Court further noted that Plaintiff declared that she has no expenses whatsoever, including expenses for food or transportation. The Court found that these assertions were also false. First, the Court noted that Plaintiff swore under penalty of

perjury in the Complaint that she owns a Mercedes Benz. The Court rightfully noted that Plaintiff must spend money on gasoline in order to drive her motor vehicle. Next, the Court found that common sense dictated that Plaintiff has at least some expenses for food. That is, Plaintiff needs to eat to survive, and food costs money. The Court observed that Plaintiff admitted under penalty of perjury, however, that she spends nothing on food. The Court found this statement to be false.

> The Court further observed:
>
> Federal courts may allow a litigant to prosecute a civil action without paying the usual required fees if the individual submits an affidavit containing a statement of his or her assets and demonstrating that he or she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Flint v. Haynes, 651 F.2d 970, 972 (4th Cir. 1981). An impoverished plaintiff does not have to prove that he or she is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). Rather, an affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide for the necessities of life. Id.
>
> However, if a court determines at any time that the allegation of poverty made in an IFP application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). See Justice v. Granville Cnty. Bd. of Educ., Nos. 5:10-cv-539B-R, 5:11-cv-99-BR, 5:11-cv-400-BR, 5:11-cv-706-BR, 2012 WL 1801949, at *4 (E.D.N.C. May 17, 2012); Staten v. Tekelec, Nos. 5:09-cv-434-FL, 5:10-CV-180-FL, 2011 WL 2358221, at *1 (E.D.N.C. June 9, 2011); Berry v. Locke, No. 1:08cv697 (JCC), 2009 WL 1587315, at *5 (E.D. Va. June 5, 2009), appeal dismissed, 357 F. App'x 513 (4th Cir. 2009) (unpublished). The Court notes further that the paragraph above the signature line on Plaintiff's IFP application states, in pertinent part: "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims." (Doc. No. 2 at 1).

(Doc. No. 7: Order at 3-4).

The Court continued by finding that "[g]iven that Plaintiff has made false statements in her application to proceed in forma pauperis, the Complaint is subject to dismissal. Before dismissing the Complaint, though, the Court granted Plaintiff twenty days in which to provide

proof of her income and expenses, or lack thereof. As proof, Plaintiff was ordered to file with the Court any W-2 wage statements, social security benefit statements, her federal tax returns for 2011, her bankruptcy documents, and any other relevant documents. As to her expenses, or lack thereof, Plaintiff was ordered to provide to the Court documents verifying any expenses, or lack thereof. (Id. at 4).

The Court clearly warned Plaintiff that she risked dismissal of her Complaint based on what appeared to be blatantly false assertions under oath in her Application; averments in her Application that clearly contradicted her sworn statements in her Complaint. Further, the Court warned Plaintiff of the very real possibility of criminal prosecution for making false statements of material fact to the Court while under oath.

Plaintiff did not file a response and her Complaint was accordingly dismissed on November 26, 2012. (Doc. No. 8).

**II.     Warrington v. Huffman, et al., No. 3:12-cv-672-GCM (W.D.N.C. Oct. 10, 2012)**

Returning to the present Application filed in this case, the Court finds that Plaintiff has filed what appears to be the same Application in all respects and on the same day she filed the above Application and Complaint in 3:12-cv-671. In this Application, Plaintiff reports no income, assets, or expenses. In her Complaint, which Plaintiff states is submitted under penalty of perjury, she notes that one or more of the defendants entered her home yet she reports no rental expenses nor does she list a home as an asset in her Application. (Doc. No. 1 at 5-6). The Court finds that there is a fatal conflict between the allegations of poverty to which Plaintiff avers in her Application and the verified statements of fact she makes in this Complaint and in the Complaint noted above in 3:12-cv-671. The Court also notes that Plaintiff had the opportunity to support the averments in her Application but she failed to do so. It appears in this

case, as in the one discussed above, that Plaintiff has made false statements in her Application concerning her assets, expenses and liabilities. Consequently, the Court will dismiss Plaintiff's Complaint and deny her Application.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs is **DENIED**. (Doc. No. 2).

2. Plaintiff's Complaint is **DISMISSED**. (Doc. No. 1).

3. Defendants' D. Cooper and Jonathan Sarver's Motion to Dismiss is **DENIED** as moot. (Doc. No. 5).

Signed: November 27, 2012

Graham C. Mullen
United States District Judge